UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

EDWARD GORDON NEWHOUSE,

        Petitioner,                     Case No. 2:20-cv-19

v.                                          Honorable Paul L. Maloney

DANIEL LESATZ,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the issues it purports to raise have been procedurally defaulted.

**Discussion**

**I.     Factual allegations**

Petitioner Edward Gordon Newhouse is incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility (AMF) in Baraga, Michigan. Following a six-day jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of assault with intent to rob while armed, in violation of Mich. Comp. Laws § 750.89, armed robbery, in violation of Mich. Comp. Laws § 750.529, and two counts of felony firearm, in violation of Mich. Comp. Laws § 750.227b. On August 29, 2016, the state court sentenced Petitioner to concurrent terms of 51 to 85 months of imprisonment for the assault and armed robbery charges, to be served consecutively to concurrent two-year terms for each felony firearm count.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> During the early evening on September 21, 2014, defendant entered a convenience store while wearing a ski mask and armed with a handgun. Defendant threatened the cash-register attendant and ordered the attendant to give defendant the money in the register. After the attendant complied, defendant fled the scene.
>
> Later that evening defendant drove up to a fast-food drive-thru window while wearing a ski mask. Defendant pulled a handgun on the drive-thru employee and demanded cash from the register. The employee did not comply but rather slammed shut the drive-thru window and ran to her manager, who called the police.
>
> That same evening police responded to an all-points bulletin on defendant's vehicle, located defendant driving the vehicle, and instructed him to stop. Defendant did not immediately comply. When defendant did finally pull over, he failed to follow several of the officer's commands, including commands intended to protect the safety of officers, such as instructions to defendant to put his hands up, to face away from officers, and to get on his knees. Officers eventually took defendant into custody and located a ski mask, a loaded handgun, and a second loaded magazine inside defendant's vehicle. Officers were not able to run a record search of defendant's license plate because the license-plate numbers were covered with duct tape.

*People v. Newhouse*, No. 334786, 2017 WL 5616180, at *1 (Mich. Ct. App. Nov. 21, 2017).

Petitioner, with the assistance of counsel, appealed his sentences raising only one issue: a scoring issue regarding one of the offense variables. The court of appeals denied relief by unpublished opinion issued November 21, 2017. Petitioner then filed a *pro per* application for leave to appeal in the Michigan Supreme Court raising three new issues. *See Newhouse v. Lesatz*, No. 2:18-cv-82 (W.D. Mich.) (*Newhouse I*) (Pet., ECF No. 1, PageID.3.) Petitioner did not file a petition for certiorari in the United States Supreme Court. *Id.*

In July 2018, Petitioner filed his first habeas corpus petition raising twelve issues. Petitioner indicated that he had not raised any of the twelve issues on direct appeal. Accordingly, the Court dismissed the petition without prejudice for failure to exhaust available state-court remedies. *Newhouse I* (Op. & J., ECF Nos. 4, 5). The Court specifically informed Petitioner that to exhaust his state-court remedies, he would have to file a motion for relief from judgment in the trial court and then, if that motion were denied, appeal that decision to the Michigan Court of Appeals and Michigan Supreme Court. *Newhouse I* (Op., ECF No. 4, PageID.63.)

Petitioner started down the path the Court laid out for him. He filed a motion for relief from judgment in the trial court raising his twelve issues. The trial court denied relief by order entered April 10, 2019. *Newhouse v. Lesatz*, No. 2:19-cv-87 (W.D. Mich.) (*Newhouse II*) (Kalamazoo Cty. Cir. Ct. Order, ECF No. 1-1, PageID.5-9.) Then, instead of appealing that decision to the Michigan Court of Appeals, Petitioner returned to this Court.

On April 23, 2019, the Court received Petitioner's second habeas corpus petition wherein Petitioner asked the Court to proceed with the twelve grounds for relief identified in *Newhouse I*. Because Petitioner had failed to follow the Court's instruction, he had still not exhausted available state court remedies. Accordingly, the Court again dismissed his petition without prejudice. *Newhouse II* (Op., Order, & J., ECF Nos. 3, 4, 5.) The Court again specifically

instructed Petitioner that to exhaust his state court remedies he would have to file an appeal with the Michigan Court of Appeals and then the Michigan Supreme Court. *Newhouse II* (Op., ECF No. 3, PageID.16.)

Petitioner ignored the Court's direction. Instead of filing an appeal of the trial court's denial of his motion, on May 22, 2019, he filed a complaint for habeas corpus in the Michigan Court of Appeals. *See* https://courts.michigan.gov/opinions_orders/case_search (search case number 349191). By order entered October 7, 2019, the Michigan Court of Appeals denied relief, because Petitioner had improperly used a habeas corpus complaint as a substitute for an appeal. (Mich. Ct. App. Order, ECF No. 1-1, PageID.36.) Petitioner filed, in the Michigan Supreme Court, an application for leave to appeal the court of appeals October 7, 2019, order. By order entered February 4, 2020, the Michigan Supreme Court denied relief because habeas corpus was not the proper device to obtain relief; the court directed Petitioner to pursue the relief he sought by way of a motion for relief from judgment. (Mich. Order, ECF No. 1-1, PageID.37.)

Less than a week later, Petitioner filed his third habeas corpus petition in this Court, raising the same twelve issues he raised in his prior two petitions. (Pet., ECF No. 1-1, PageID.13-14.)

**II.     Exhaustion**

As the Court explained in *Newhouse I* and *Newhouse II*, this Court may not grant habeas relief unless the petitioner has exhausted the remedies available to him in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Fair presentation

4

has a substantive component and a procedural component. With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. April 22, 1996), *cert. denied*, 117 S. Ct. 124 (1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. August 16, 1996).

Although Petitioner may have presented his twelve habeas issues to the Michigan Court of Appeals and the Michigan Supreme Court, he did not present them in a procedurally appropriate manner. The manner he chose foreclosed consideration on the merits. Therefore, the Court concludes that Petitioner's twelve habeas issues remain unexhausted.

Exhaustion is only a problem, however, if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.*

Petitioner went astray when he failed to file in the Michigan Court of Appeals an application for leave to appeal the trial court's April 10, 2019, order denying his motion for relief from judgment. Under Michigan Court Rule 7.205(G), Petitioner may no longer file such an application for leave to appeal.

Moreover, Petitioner cannot start the process over again in the trial court. Under Michigan law effective August 1, 1995, a defendant may file one motion for relief from judgment

5

under Michigan Court Rule 6.500 *et. seq*. *See* Mich. Ct. R. 6.502(G)(1). Petitioner already has filed his one allotted motion. He therefore has no available remedy.

At this juncture, the court must consider whether there is cause and prejudice to excuse Petitioner's failure to present the claims in state court. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust*, 17 F.3d at 160. To show cause sufficient to excuse a failure to raise claims, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). A petitioner who fails to demonstrate cause and prejudice cannot have a cognizable claim. *Gray*, 518 U.S. at 162. Further, where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Petitioner has failed to demonstrate cause here. This Court informed him of the steps necessary to exhaust his state remedies. The Michigan Court of Appeals and Michigan Supreme Court informed Petitioner that the procedural device he used was inappropriate. There is no objective factor external to Petitioner that prevented him from filing an application for leave to appeal in the Michigan Court of Appeals. Accordingly, Petitioner's procedural default bars habeas relief.

Petitioner prefaces several of his habeas issues with an assertion that he is actually innocent. That claim appears many times in his submissions to this Court. To support his claim, he directs the Court to evidence that was available and, indeed, presented at his trial. A claim of "actual innocence" cannot stand as an independent substantive claim:

> Federal courts are not forums in which to relitigate state trials. The guilt or innocence determination in state criminal trials is a decisive and portentous event. Society's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of

> its citizens. Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence.

*Herrera v. Collins*, 506 U.S. 390, 401 (1993) (quotations omitted). By directing the Court to evidence that was available at the time of trial—evidence that Petitioner contends supports his claim of innocence—Petitioner apparently is attempting to show that his conviction is factually incorrect. To that extent, his claim of actual innocence is noncognizable.

However, the court may consider a claim of "actual innocence" as it relates to a separate constitutional claim that would otherwise be barred. "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404; *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986). Because Petitioner's claims are subject to the doctrine of procedural default, proof of actual innocence may serve to excuse the default.

The Supreme Court has definitively established the showing necessary to make out a case of actual innocence. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Court set forth the standard by which such claims must be judged:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324. Given the rarity of such evidence, the allegation of actual innocence has been summarily rejected in virtually every case. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). The court must determine whether Petitioner has demonstrated actual innocence by clear and convincing evidence, such that his conviction represents a "fundamental miscarriage of justice." *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Petitioner does not attempt to introduce new

7

evidence. Rather, he merely attempts to relitigate evidence that was available at the time of trial. Thus, his claim of actual innocence has no merit and cannot justify excusing a procedural default.

## III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. The standard a petitioner must meet depends on whether the issues raised in the petition were denied on the merits or on procedural grounds.

This Court denied Petitioner's application on the procedural grounds of procedural default. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims on procedural grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that

8

the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated: February 28, 2020              /s/ Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               United States District Judge